UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN DOE,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 1:26-cv-07940-CDB (PC)

ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION TO PROCEED UNDER PSEUDONYM

(Doc. 3)

Clerk of the Court to Update Docket

**Relevant Background**

Plaintiff John Doe ("Plaintiff"), a federal inmate proceeding pro se, initiated this action with the filing of complaint against Defendant United States of America ("Defendant") on September 28, 2026. (Doc. 1). Plaintiff asserts a negligence claim against the government under the Federal Tort Claims Act ("FTCA") for violations of Plaintiff's constitutional rights. *Id.* at 1. In the complaint, Plaintiff alleges that this suit arises from the government's failure to abide by confidential informant procedures, resulting in Plaintiff's multiple assaults at USP Hazelton and potential exposure to additional assaults at other federal Bureau of Prisons ("BOP") facilities. *See id.*

**Plaintiff's Request to Proceed Under Pseudonym**

Pending before the Court is Plaintiff's motion to proceed under pseudonym, filed on September 28, 2026. (Doc. 3). Plaintiff seeks to proceed under the pseudonym "John Doe" because his complaint alleges that he is presently an inmate in BOP custody that was outed as a confidential informant by BOP

staff and as a result has been the victim of assault and battery on three occasions at three BOP facilities. *Id.* at 1. Plaintiff contends that he should not be required to expose himself to further violence to seek relief under the FTCA. *Id.* at 2. Plaintiff represents that he has been placed in protective custody status, has been able to conceal his confidential informant status, and seeks to avoid the "high" threat of physical danger as an informant in a prison setting and avoid suffering from his worsening mental health conditions by maintaining that confidentiality. *Id.* Plaintiff asserts that he and his relatives would face "almost certain" harm and substantial harassment if he is not permitted to proceed under pseudonym. *Id.* Plaintiff contends that the government would not be disadvantaged by Plaintiff's request if he is permitted to proceed using a pseudonym because he is willing to disclose his identify to the government under seal. *Id.*

**A. Governing Authority**

"[M]any federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). "In this circuit…parties [may] use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary…to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id*. at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). "[A] district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id*. at 1068.

The Ninth Circuit has identified three situations in which parties have been allowed to proceed under pseudonyms: "(1) when the identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution…" *Id*. (citations and internal quotations marks omitted). In evaluating such a request, courts should consider the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation. *Id.*

"The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice … [as well as] decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.* at 1068-69. "To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: '(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears … (3) the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest.'" *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (quoting *Advanced Textile Corp.*, 214 F.3d at 1068).

**B. Analysis**

The Court has reviewed Plaintiff's request and finds the reasons advanced for proceeding under pseudonym warrant granting the relief requested. Based on the allegations of the complaint and Plaintiff's motion, this is an "unusual case" (*see Advanced Textile Corp*., 214 F.3d at 1067-68) that does not present a concern equally present for similarly situated inmates (*e.g.*, inmates who provide confidential information to correctional officers); rather, it presents a unique risk of harm limited to inmates whose confidentiality is breached by Defendant's agents in violation of established procedures governing the use of confidential informants. *Cf. United States v. Stoterau*, 524 F.3d 988, 1012-13 (9th Cir. 2008) (denying inmate's request to proceed by pseudonym because his concern about the physical harm faced by sex offenders like him "is equally present for all similarly situated sex offenders who face prison sentences [and] we cannot say that [plaintiff's] case is unusual").

While the Court is mindful of the public's interest in knowing the identity of the parties, after reviewing the record and considering the nature of the potential harm to which Plaintiff may be exposed, the reasonableness of Plaintiff's fears relating to threat of future harm, and any potential prejudice to the government as well as the public's interest in this action, the Court finds that, at this early stage of the litigation, Plaintiff's need for anonymity outweighs the competing interests. *See United States v. Doe*, 655 F.2d 920, 922 & n.1 (9th Cir. 1980) (permitting use of pseudonym where inmate-informant "faced a serious risk of bodily harm"); *Kamehameha Schools*, 596 F.3d at 1043-44 (noting that a plaintiff's reasonable fear of physical harm if his identity is revealed weighs in favor of permitting a

plaintiff to proceed by pseudonym). Plaintiff's fear of physical harm is reasonable and tangible considering his allegations that he already has experienced physical assaults in retaliation for his status as a confidential informant. And because Plaintiff represents he is willing to disclose his identity to the government under seal, the Court finds that the government would not suffer material prejudice if Plaintiff were allowed to proceed under pseudonym. *See Doe v. Andrews*, No. 1:25-CV-00506-SAB-HC, 2025 WL 1856591, at *3 (E.D. Cal. June 26, 2025) (granting request to proceed under pseudonym where respondents "have not attempted to—and cannot—argue that they would suffer any prejudice if Petitioner were allowed to proceed under pseudonym given Petitioner's identity is known to the Court and Respondents.").

As Defendant has not yet appeared in this action, the Court's order will permit Defendant to seek reconsideration of this ruling following its appearance in the action. *See Doe #3 v. California*, No. 1:23-cv-00868-JLT-BAM, 2023 WL 3996476, at *2 (E.D. Cal. June 14, 2023) (granting *ex parte* motion to proceed by pseudonym, subject to reconsideration when defendants appear in action); *J.I. v. United States*, No. 18-cv-00363-LJO-SAB, 2018 WL 1474355, at *3 (E.D. Cal. Mar. 26, 2018) (same).

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed under pseudonym (Doc. 3) is GRANTED. All parties and their counsel shall use the pseudonym "John Doe" in place of Plaintiff's legal name in all future pleadings and papers filed in this action;
2. The parties are prohibited from disclosing or publishing the true name of Plaintiff except by order of this Court and as necessary toward the prosecution or defense of the case; and
3. The Clerk of the Court is DIRECTED to update the docket to reflect Plaintiff's name and pro se representation information as "John Doe" and remove his identifying inmate number.

IT IS SO ORDERED.

Dated: **October 6, 2026**

UNITED STATES MAGISTRATE JUDGE